# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL JOSHUA GONZALEZ,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | **NO. 18-0010** |
| | : | |
| **MARK GURMAN, et al.,** | : | |
| **Respondents.** | : | |
| | : | |
| | : | |

**KEARNEY, J.**                                                                              **July 20, 2018**

## MEMORANDUM

A state court jury convicted Daniel Joshua Gonzalez of aggravated assault and conspiracy to commit aggravated assault.[1] Mr. Gonzalez, *pro se*, petitions for *habeas corpus* under 28 U.S.C. § 2254 alleging his: (1) trial counsel failed to explain the legal consequences of the withdrawal and discontinuance of his direct appeal; (2) trial counsel failed to challenge the sufficiency of the evidence and his post-conviction relief act counsel failed to litigate this issue; and, (3) trial counsel failed to object to sentencing analysis based on an applied deadly weapons enhancement and post-conviction relief act counsel failed to litigate this issue. After a detailed analysis, Chief United States Magistrate Judge Linda K. Caracappa recommended we dismiss Mr. Gonzalez's petition. We adopt Chief Judge Caracappa's reasoned recommendation and deny Mr. Gonzalez's petition for *habeas corpus* in the accompanying Order. We deny Mr. Gonzalez's motion to suppress transcripts. We also deny a certificate of appealability.

## I. Facts

On October 22, 2013, Mr. Gonzalez and several other individuals allegedly punched and kicked Tyron Sheppard unconscious.[2] Mr. Gonzalez allegedly slashed Mr. Sheppard's face with an unknown instrument.[3] On December 23, 2013, the Commonwealth charged Mr. Gonzalez with aggravated assault and criminal conspiracy.[4] The court appointed Christopher Lyden, Esq., to represent Mr. Gonzalez.[5] On June 17, 2014, a jury of the Court of Common Pleas of Lancaster County returned a guilty verdict.[6] The Honorable Donald R. Totaro sentenced Mr. Gonzalez to a term of not less than ten years or more than twenty years for aggravated assault, and a consecutive term of not less than ten or more than twenty years for criminal conspiracy.[7] Judge Totaro applied a Deadly Weapon Enhancement to the sentence under 42 Pa. Cons. Stat. § 9721 and 204 Pa. Code § 303.9 increasing the standard range guideline sentences, which resulted in an aggregated sentence of not less than twenty years or more than forty years incarceration in a state correctional institution.[8] Mr. Gonzalez filed a post sentence motion arguing the unconstitutionality of the deadly weapon enhancement contained in the sentencing guidelines.[9] The court denied the motion.[10]

### A. Mr. Gonzalez's appeal and first PCRA petition.

On September 30, 2014, Attorney Lyden appealed the September 16, 2014 order denying Mr. Gonzalez's post sentence motion.[11] On October 29, 2014, Mr. Gonzalez *pro se* petitioned for collateral review under the Pennsylvania Post-Conviction Relief Act ("PCRA") claiming trial counsel Lyden provided ineffective assistance of counsel, prosecutorial misconduct, violations of the code of ethics, and violation of his due process rights.[12] Attorney Lyden sent Mr. Gonzalez a letter informing him he would have to discontinue his direct appeal if he wanted to continue the PCRA claim of ineffective assistance of counsel.[13] Mr. Gonzalez signed a motion to discontinue

2

the direct appeal.[14] The Pennsylvania Superior Court granted the motion to discontinue the appeal on November 25, 2014.[15]

On December 2, 2014, the PCRA court dismissed Mr. Gonzalez's *pro se* PCRA petition without prejudice because it lacked jurisdiction since Mr. Gonzalez filed the *pro se* PCRA petition during the pendency of a direct appeal.[16] On January 15, 2015, Mr. Gonzalez refiled his *pro se* PCRA petition.[17] The PCRA court appointed R. Russel Pugh as Mr. Gonzalez's PCRA counsel and he filed an amended PCRA petition on March 17, 2015.[18] The amended PCRA petition sought relief based on trial counsel's ineffective assistance for failing to explain to Mr. Gonzalez the legal consequence of the withdraw and discontinuance of his direct appeal and requested reinstatement of Mr. Gonzalez's direct appeal right, *nunc pro tunc*.[19] On July 17, 2015, the PCRA court held an evidentiary hearing on Mr. Gonzalez's claims.[20] On August 24, 2015, the PCRA court denied Mr. Gonzalez's petition as meritless and the Pennslyvania Superior Court affirmed on June 22, 2016.[21] On July 8, 2016, Mr. Gonzalez moved for allowance of appeal *nunc pro tunc*.[22] The Pennsylvania Supreme Court denied his motion on February 15, 2017.[23]

## B. Mr. Gonzalez's second PCRA petition.

On July 17, 2017, Mr. Gonzalez filed a second *pro se* PCRA petition.[24] He alleged ineffective assistance of trial counsel, challenged the legality of his sentence and the sufficiency of the trial evidence.[25] On August 30, 2017, the PCRA court dismissed his *pro se* petition as untimely under the one-year statute of limitations.[26] On September 12, 2017, Mr. Gonzalez appealed *pro se* to the Pennsylvania Superior Court, but on October 18, 2017 he withdrew the petition and discontinued the appeal.[27]

3

## II. Analysis

On December 25, 2017, Mr. Gonzalez *pro se* petitioned for a writ of *habeas corpus*.[28]

Mr. Gonzalez pled three grounds for relief:

1. Trial counsel failed to explain the legal consequences of the withdrawal and discontinuance of his direct appeal, denying his right to appeal from his sentence and failed to properly colloquy him on the record to assure he knowingly and intelligently waived his appeal right;

2. Trial counsel and PCRA counsel failed to litigate the sufficiency of the evidence to sustain the conviction; and,

3. Trial counsel and PCRA counsel failed to raise and object to the court's sentence with an applied deadly weapon enhancement under 204 Pa. Code § 303.9.

The Commonwealth argues Mr. Gonzalez's *habeas* petition is untimely because he did not file it within the one-year *habeas* limitation period.[29] The Commonwealth also argues Mr. Gonzalez's claims are exhausted, procedurally defaulted, and not meritorious.[30]

### A. The Honorable Linda K. Caracappa's Report and Recommendation.

Chief Judge Caracappa thoroughly reviewed the record and recommended we dismiss Mr. Gonzalez's petition. Chief Judge Caracappa found Mr. Gonzalez timely petitioned for *habeas* review.[31] Chief Judge Caracappa found Mr. Gonzalez's first claim for ineffective assistance of trial counsel lacked merit.[32] She found Mr. Gonzalez failed to prove trial counsel's withdrawal of a meritless claim pending on direct appeal prejudiced him.[33] Chief Judge Caracappa also found Mr. Gonzalez failed to show the trial counsel's offer to withdraw the direct appeal fell below an objective standard of reasonableness.[34] Chief Judge Caracappa found Mr. Gonzalez's second and third claims for ineffective assistance of trial counsel and PCRA counsel procedurally defaulted.[35] She found Mr. Gonzalez failed to exhaust these claims in state court.[36] Chief Judge Caracappa recommended we deny Mr. Gonzalez's petition for *habeas* review.

4

## B. Mr. Gonzalez timely petitioned for federal *habeas* review.

Mr. Gonzalez argues his December 25, 2017 petition for federal *habeas* review is timely within the one-year statute.[37] The Commonwealth argues Mr. Gonzalez had until July 22, 2016 to petition the court for *habeas* review and he filed it seven months after the limitation period expired.[38] Chief Judge Caracappa found Mr. Gonzalez had until December 26, 2017 to petition the court for *habeas* review.[39] Chief Judge Caracappa found the *habeas* petition timely because Mr. Gonzalez petitioned the court on December 25, 2017.[40]

Mr. Gonzalez's request is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d)(1). Under the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[41] The one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[42]

The AEDPA also contains a statutory tolling exception. If Mr. Gonzalez submits a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," the one-year limitations period is tolled while the petition is pending.[43] A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."[44] If the petition is untimely, and the state court dismisses it as time-barred, then it is not "properly filed" for tolling purposes.[45]

In *Jenkins v. Superintendent of Laurel Highlands,* the Pennsylvania Superior Court denied petitioner's PCRA petition and the petitioner filed a "Motion to File Petition for Allowance of Appeal *Nunc Pro Tunc*, and for Appointment of Counsel" within the thirty days allowed to petition for allowance of appeal to the Pennsylvania Supreme Court.[46] Our court of

5

appeals found the petitioner properly moved, tolling the AEDPA's one-year statute of limitation period.[47] Our court of appeals found the *nunc pro tunc* title of petitioner's motion to be a misnomer because he filed the pleading before the deadline to file a petition for allowance of appeal making it a motion to extend the time to file a petition for allowance of appeal.[48] It also noted the Pennsylvania Supreme Court frequently grants motions to extend the time to file petitions for appeal which it sometimes characterizes as petitions for leave to file petitions for allowance of appeal *nunc pro tunc.*[49] Our court of appeals found petitioner's motion acted to toll the AEDPA's limitation period because: (1) the Pennsylvania Supreme Court did not find petitioner's pleading as untimely or otherwise not properly filed; (2) the supreme court may have denied petitioner's pleading on the merits; (3) petitioner timely filed his pleading; and, (4) the supreme court has a common practice of granting motions to extend the time to file petitions for allowance of appeals.[50]

Mr. Gonzalez's judgment became final on November 25, 2014 when he discontinued his direct appeal with the Pennsylvania Superior Court.[51] Mr. Gonzalez had until November 25, 2014 to file a timely federal *habeas* petition, unless a statutory or equitable tolling exception applied. Mr. Gonzalez's petition tolled on January 15, 2015 when he filed a timely PCRA petition.[52] The Pennsylvania Superior Court affirmed the denial of Mr. Gonzalez's PCRA petition on June 22, 2016.[53] Mr. Gonzalez did not appeal to the Pennsylvania Supreme Court.

Similar to the petitioner in *Jenkins,* Mr. Gonzalez instead moved *pro se* for allowance of appeal *nunc pro tunc* on July 8, 2016 within the thirty days available to file a timely petition for allowance of appeal with the Pennsylvania Supreme Court.[54] The Pennsylvania Supreme Court denied his motion on February 15, 2017.[55] Similar to *Jenkins*, the Pennsylvania Supreme Court did not find Mr. Gonzalez's motion untimely, but found "the Application to Proceed *Nunc Pro*

6

*Tunc* and the Petition for Writ of Mandamus and/or Extraordinary Relief are DENIED."[56] Following *Jenkins*, Mr. Gonzalez properly filed his *pro se* motion for allowance of appeal *nunc pro tunc* causing it to toll the AEDPA's one year limitation period until February 15, 2017 when the Pennsylvania Supreme Court denied the motion.

Mr. Gonzalez's judgment became final on November 25, 2014. After fifty-one days of the *habeas* limitation period had run, Mr. Gonzalez filed his PCRA petition on January 15, 2015, tolling the AEDPA's one-year limitation. Since Mr. Gonzalez's properly filed his *pro se* motion for allowance of appeal *nunc pro tunc*, the one-year limitation remained tolled until the Pennsylvania Supreme Court denied it on February 15, 2017. Mr. Gonzalez would have 314 days, or until December 26, 2017 to file a *habeas* petition. He timely petitioned for *habeas* review on December 25, 2017.

## C. Mr. Gonzalez's ineffective assistance of trial counsel claim lacks merit.

Mr. Gonzalez argues ineffective assistance of his trial counsel who failed to explain the legal consequences of his withdrawal of the direct appeal.[57] He also argues trial counsel failed to properly colloquy him on the record to assure he knowingly and intelligently waived his right to appeal. The Commonwealth concedes Mr. Gonzalez properly exhausted his available remedies in state court for this claim.[58] The Commonwealth argues this claim is meritless because Mr. Gonzalez cannot meet his burden of proof under *Strickland v. Washington*.[59] Chief Judge Caracappa found Mr. Gonzalez's first claim meritless because the state courts did not unreasonable apply the *Strickland* factors.[60]

### 1. Mr. Gonzalez properly exhausted his available state court remedies for his first claim of ineffective assistance of trial counsel.

Mr. Gonzalez raised his ineffective assistance of trial counsel for failing to explain to him the legal consequence of the withdraw and discontinuance of his direct appeal claim in his PCRA

7

petition filed on January 15, 2015.[61]  He appealed to the Pennsylvania Superior Court raising the same issue and it affirmed the lower court's denial.[62]

For federal *habeas* review, Mr. Gonzalez must demonstrate he "has exhausted the remedies available in the courts of the State."[63]  Mr. Gonzalez must invoke "one complete round of the state's established appellate review process" to exhaust his remedies.[64]  "The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."[65]

Mr. Gonzalez properly raised the ineffective assistance of trial counsel claim through his PCRA petition and his appeal to the Pennsylvania Superior Court.  He exhausted his claim because the state courts had a full and fair opportunity to resolve the claim.

### 2. The state court's resolution of Mr. Gonzalez's ineffective assistance of trial counsel claim is not contrary to, or an objectively unreasonable application of, federal law.

Mr. Gonzalez claims ineffective assistance of trial counsel because of his failure to explain the legal consequences of the withdrawal of his direct appeal.  He claims his trial counsel, Attorney Lyden, sent him a letter advising him he filed his direct appeal, but if he wanted to petition the court for the ineffective assistance of counsel claim he would have to sign and return the enclosed motion to discontinue the direct appeal.[66]  Mr. Gonzalez signed and returned the motion but claims he did not want to give up his right to a direct appeal and did not understand the consequences of signing it.[67]  The PCRA court and Pennsylvania Superior Court found Mr. Gonzalez did not suffer prejudice as a result of his direct appeal and dismissed his claim.[68]  The Commonwealth argues the state court correctly applied the federal law.  Chief Judge Caracappa also found the state court decision adhered to clearly established federal law.

8

Mr. Gonzalez's *habeas* petition can only succeed if, in addition to the state claim being exhausted, the state court's resolution is contrary to, or constituted an objectively unreasonable application of, federal law.[69] "A state court decision is contrary to clearly established federal law if the state court (1) contradicts the governing law set forth in the [Supreme] Court's cases or (2) confronts a set of facts that are materially indistinguishable from the decision of the [Supreme] Court and nevertheless arrives at a [different] result."[70] A state court decision involves an unreasonable application of clearly established federal law if the state court identifies the correct governing rule but unreasonably applies it to the facts of the case or unreasonably extends the legal principle to a context where it does not apply.[71] An objectively unreasonable application requires the state court decision be both incorrect *and* unreasonable.[72] The state court's factual determinations are given considerable deference under the AEDPA.[73]

To prevail on an ineffectiveness claim under *Strickland*, Mr. Gonzalez must prove: (1) "counsel's performance was deficient" falling "below an objective standard of reasonableness," and, (2) counsel's performance "prejudiced the defense" by depriving him of a "a fair trial, a trial whose result is reliable."[74] If Mr. Gonzalez fails to satisfy either prong of the *Strickland* test, it is unnecessary to evaluate the other prong because he must prove both to establish an ineffectiveness claim.[75]

### 3. The state court did not unreasonably apply *Strickland* to Mr. Gonzalez's ineffective assistance of trial counsel claim.

Mr. Gonzalez argues his trial counsel's representation fell below an objective standard of reasonableness because he did not adequately explain to him the legal consequence of discontinuing his appeal. Mr. Gonzalez claims his counsel could have visited him in prison to explain the legal consequence of withdrawing the motion but did not.[76] He also claims counsel's failure to inform him could not have been the result of a strategic decision.[77]

9

### i. Trial counsel's representation did not fall below an objective standard of reasonableness.

To succeed on his ineffective assistance claim, Mr. Gonzalez must prove the state court unreasonably applied the two-prong test in *Strickland*.[78] An ineffectiveness claim can succeed only if the state court's treatment of the ineffectiveness claim is not simply erroneous, but also objectively unreasonable.[79] Under *Strickland*'s first prong, Mr. Gonzalez "must show that counsel's representation fell below an objective standard of reasonableness."[80] "[A] court must determine whether, in light of all the circumstances, the identified acts or omissions of counsel were outside the range of a professional competent assistance."[81] We must be "highly deferential" in evaluating an attorney's performance "so as to diminish the distorting effects of hindsight."[82]

The PCRA court found Mr. Gonzalez knowingly waived his right to file an appeal.[83] The PCRA court found trial counsel sent Mr. Gonzalez a letter advising him if he wished to file his PCRA claim he would have to discontinue his direct appeal.[84] The letter also stated Mr. Gonzalez should contact trial counsel by collect call or letter if he had any questions.[85] At the PCRA evidentiary hearing, Mr. Gonzalez stated he did not call trial counsel about the letter, but instead signed the motion to withdraw his direct appeal and returned it to trial counsel.[86] The PCRA court found Mr. Gonzalez freely waived his right to an appeal and failed to meet his burden proving ineffective assistance of trial counsel.[87] The PCRA court also found trial counsel had a reasonable strategic basis for allowing Mr. Gonzalez to discontinue his direct appeal.[88] At the PCRA hearing, trial counsel testified he did not believe Mr. Gonzalez had a chance of winning the appeal and would not be given a new sentence.[89]

A thorough review of the record confirms Mr. Gonzalez failed to prove his trial counsel's representation fell below an objective standard of reasonableness. Mr. Gonzalez freely waived his right to appeal and his trial counsel had a strategic basis for discontinuing the appeal.

> ## ii. The state court properly determined Mr. Gonzalez did not suffer prejudice as a result of the discontinuance of his direct appeal.

Mr. Gonzalez claims he suffered prejudice because his trial counsel had numerous alternatives before discontinuing his direct appeal.[90] He claims Attorney Lyden's ineffectiveness denied him of both his "substantive and procedural right which the law and Constitution entitles him, and as such prejudice can be presumed."[91] The Commonwealth argues Mr. Gonzalez suffered no prejudice because he would not have obtained relief even if the direct appeal continued.[92] Chief Judge Caracappa also found Mr. Gonzalez failed to prove trial counsel prejudiced him by withdrawing the meritless appeal.

Under *Strickland*'s second prong, Mr. Gonzalez must show trial counsel's performance "prejudiced the defense" by depriving him of a fair trial.[93] To establish prejudice, Mr. Gonzalez must show "there is a reasonable probability that, but for the counsel's unprofessional error, the result of the proceeding would have been different."[94]

The PCRA court and the superior court found Mr. Gonzalez failed to prove resulting prejudice from his withdraw of the direct appeal. The only claim in Mr. Gonzalez's discontinued direct appeal stated the trial court erred in failing to invalidate the deadly weapon enhancement in the sentencing guidelines as unconstitutional under *Alleyne v. United States* and *Commonwealth v. Newman*.[95] The PCRA court and the superior court explained *Alleyne*, which declares certain mandatory minimum sentences unconstitutional, did not apply to the discretional aspects of Mr. Gonzalez's sentencing.[96]

In *Alleyne*, the Supreme Court held a fact increasing the mandatory minimum sentence for a given crime is an element of the offense and must be proven to a jury beyond a reasonable doubt.[97] The Supreme Court limited their holding to mandatory minimum sentences and noted it did not affect the continuing validity of discretionary sentencing.[98] The Supreme Court recognized "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."[99] The Pennsylvania Supreme Court also held sentencing enhancements do not trigger *Alleyne.* In *Commonwealth v. Hopkins*, the Pennsylvania Supreme Court held the United States Supreme Court in *Alleyne* "stressed that fact-finding which increases a statutory minimum is distinct from fact-finding used to guide judicial discretion in selecting a punishment within limits fixed by law."[100]

The PCRA court concluded the sentencing court appropriately decided to use the enhanced guidelines for Mr. Gonzalez because of his possession and use of a deadly weapon during his crime.[101] The guidelines provide a starting point for a recommended minimum sentence after the court considered the offense gravity scores and Mr. Gonzalez's prior criminal record. The PCRA court found because the deadly weapon enhancement based on judicial fact finding is not unconstitutional, Mr. Gonzalez's withdrawn direct appeal claim alleging the trial court erred in failing to find the deadly weapon enhancement in the sentencing guidelines unconstitutional would have been meritless.[102]

Mr. Gonzalez failed to prove "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different."[103] Mr. Gonzalez failed to prove trial counsel prejudiced him because he withdrew a meritless claim. He also failed to show trial counsel's offer to withdraw the direct appeal fell below an objective standard of reasonableness because Mr. Gonzalez freely signed the motion to withdraw and trial counsel

had a strategic basis to withdraw it. As stated above, the state courts did not unreasonably apply the *Strickland* factors. We deny Mr. Gonzalez's first claim as meritless.

### D. Mr. Gonzalez's ineffective trial and PCRA counsel claim for failing to challenge the sufficiency of the evidence is procedurally defaulted.

Mr. Gonzalez claims ineffective trial and PCRA counsel for failing to challenge the sufficiency of the trial evidence. He admits this claim is procedurally defaulted but claims he can establish cause and prejudice for the default, which would allow us to review the issue.[104] The Commonwealth argues Mr. Gonzalez did not properly raise this claim in the trial court.[105] The Commonwealth argues Mr. Gonzalez attempted to raise this claim in his second PCRA petition, but the trial court did not address it because of its untimeliness so it should be dismissed.[106]

### 1. Mr. Gonzalez's second claim is procedurally defaulted.

Before a federal court can grant *habeas* relief to Mr. Gonzalez, he must exhaust his remedies in state court.[107] Mr. Gonzalez carries the burden of showing his alleged claims have been "fairly presented" to the state court.[108] Meeting this burden requires Mr. Gonzalez's federal claims to be the substantial equivalent of those presented to the state court.[109] When a petition is unexhausted, the federal courts should dismiss without prejudice, else they risk depriving the state courts of the "opportunity to correct their own errors, if any."[110]

Mr. Gonzalez raised this claim for ineffective trial and PCRA counsel for the first time in his second PCRA petition.[111] The state court dismissed his second petition as untimely and did not review this claim on the merits.[112] Mr. Gonzalez cannot show he "fairly presented" his claim to the state courts.[113] Mr. Gonzalez cannot not return to state court to litigate this claim because it is time-barred under the one-year statute of limitations. It ist procedurally defaulted.[114]

## 2. Mr. Gonzalez's procedural default is not excused.

Mr. Gonzalez argues his procedural default should be excused because he can establish cause and prejudice to allow us to review the issue.[115] Mr. Gonzalez argues his PCRA counsel failed to litigate this issue.[116] Mr. Gonzalez claims PCRA counsel prejudiced him by failing to litigate trial counsel's ineffectiveness because the outcome of the proceeding could have been the vacation of his convictions.[117] The Commonwealth argues Mr. Gonzalez fails to show cause or prejudice because he fails to show PCRA counsel acted in a constitutionally ineffective manner and failed to show the issues he raised were substantial.[118] Chief Judge Caracappa found Mr. Gonzalez's procedural default is not excused.

A procedurally defaulted claim is not entitled to federal *habeas* review unless Mr. Gonzalez can show his default should be excused. Excuse is allowed only if Mr. Gonzalez can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice."[119] In *Martinez v. Ryan*, the Supreme Court held in "initial-review collateral proceedings," where collateral review provides the first opportunity to litigate claims of ineffective assistance of appointed trial counsel, ineffective assistance of counsel can be "cause" to excuse the procedural default.[120] The Court further specified "[t]he holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."[121]

To establish "cause," Mr. Gonzalez must show either (1) "the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," or (1) "appointed counsel in the initial-review collateral proceeding, where the claim should have

14

been raised, was ineffective under the standards of *Strickland v. Washington*."[122] Mr. Gonzalez must also show his underlying ineffectiveness claim is "substantial," meaning it has "some merit."[123]

Mr. Gonzalez argues trial counsel, acting as appellate counsel on direct appeal, failed to raise a sufficiency of the evidence claim. He argues if trial counsel has litigated the sufficiency of the evidence after the conviction, the superior court would have vacated his conviction. *Martinez* does not apply to error of direct appeal counsel but applies to trial counsel's errors during trial. [124] The *Martinez* exception is narrow and does not excuse the procedural default of an ineffective assistance of direct appeal counsel claim where postconviction relief counsel fails to raise the claim.[125] Mr. Gonzalez is arguing excuse for a procedural default of an ineffective assistance of direct appeal counsel claim where postconviction relief counsel failed to raise the claim. We deny Mr. Gonzalez's second claim as procedurally defaulted.

### E. Mr. Gonzalez's ineffective trial counsel and PCRA counsel claim for failing to object to the state court's application of the applied deadly weapon enhancement is procedurally defaulted.

Mr. Gonzalez claims ineffective trial counsel for failing to object to the sentencing court applying the deadly weapon enhancement at his sentence and ineffective PCRA counsel for failing to litigate trial counsel's ineffectiveness on this issue.[126] Mr. Gonzalez admits he did not fairly present this claim to the state court but argues it should be excused.[127] The Commonwealth argues Mr. Gonzalez attempted to raise this claim in his second PCRA petition, but the trial court did not address it because of its untimeliness so it should be dismissed.[128] Chief Judge Caracappa also found this claim to be procedurally defaulted.[129]

15

## 1. Mr. Gonzalez's third claim is procedurally defaulted.

Before a federal court can grant *habeas* relief to Mr. Gonzalez, he must exhaust his remedies in state court.[130] Mr. Gonzalez raised this issue for the first time in second PCRA petition, which the court dismissed as untimely.[131] The state court did not review this claim on the merits, so Mr. Gonzalez cannot show this claim went through one complete round of the state's established appellate review process.[132] Given the one-year statute of limitation ran on this claim, Mr. Gonzalez cannot now return to state court to litigate this claim because it is time barred making it procedurally defaulted.[133]

## 2. Mr. Gonzalez's procedural default is not excused.

Mr. Gonzalez again argues PCRA counsel's failure to raise this claim in his first timely PCRA petition excuses his procedural default under *Martinez*.[134] PCRA counsel's failure to raise an ineffective assistance of trial counsel claim at the initial level of collateral review can constitute cause to excuse a procedural default if: (1) the counsel's failure to bring the claim constituted ineffective assistance of counsel under *Strickland*; and, (2) the underlying ineffectiveness claim is "substantial," meaning it has "some merit."[135]

Mr. Gonzalez claims ineffective PCRA counsel for failing to object to the state court's use of the deadly weapon sentencing enhancement. Mr. Gonzalez must prove this claim has merit.[136] As we discussed above, the PCRA court found the deadly weapon enhancement constitutional under *Alleyne*.[137] Trial counsel or PCRA counsel cannot be found ineffective for failing to raise a meritless claim. *Martinez* does not excuse Mr. Gonzalez's procedural default because he cannot show this claim is "substantial" because it does not have merit." [138] We deny Mr. Gonzalez's third claim as procedurally defaulted.

16

## F. We deny Mr. Gonzalez's motion to suppress transcripts.

Mr. Gonzalez moves to suppress the use of trial transcripts, sentencing transcripts, PCRA transcripts, and hearing transcripts.[139] He claims the transcripts have been defectively produced and fraudulently certified in violation of numerous Pennsylvania Rules of Appellate Procedure.[140]

The Pennsylvania Rules of Appellate Procedure provides: "[u]pon receipt of the order for transcript and any required deposit to secure the payment of transcript fees the official court reporter shall proceed to have his notes transcribed, and not later than 14 days after receipt of such order and any required deposit shall lodge the transcript (with proof of service of notice of such lodgment on all parties to the matter) with the clerk of the trial court."[141] The Pennsylvania Supreme Court notes "[o]bjections to the trial transcript are properly settled in the lower court."[142] The United States Supreme Court also recognizes "*relevant* transcripts are required to conduct a proper review of a habeas petition."[143]

Mr. Gonzalez's should have objected to the trial transcripts in state court. In *Commonwealth v. Szakal*, the appellant argued his "trial transcripts were intentionally altered for the purpose of preventing [a]ppellant from advancing his issues and having them decided on their merits."[144] The superior court ordered the appellant to address his transcript claims with the state trial court.[145] When the appellant failed to address his claim with the trial court, the superior court held objections to trial transcripts are settled in the lower court and denied appellant's request for a new trial because of the allegedly altered transcripts.[146] The superior court then used the provided transcripts to conduct a meaningful review of the issues on appeal.[147] Similar to the appellant in *Szakal*, Mr. Gonzalez should have addressed the alteration of the transcript in state court.

We consider the relevant transcripts to conduct a proper review of Mr. Gonzalez's *habeas* petition. We deny Mr. Gonzalez's motion to suppress the transcripts.

### G. We deny a certificate of appealability.

"Unless a circuit justice or judge issue a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[148] When a district court rejects constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[149] In *Slack v. McDaniel*, the Supreme Court explained when a district court denies a *habeas* petition on procedural grounds without reaching the underlying constitutional claim, a certificate of applicability should be issued "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[150] When a "plain procedural bar is present" and the district court correctly invokes it to dispose the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."[151]

Mr. Gonzalez has not shown, and we cannot find our holding denying Mr. Gonzalez's first non-defaulted ineffective trial counsel claim could be reasonably debated. Mr. Gonzalez has also not shown, and we cannot find our conclusions barring his second and third ineffective trial counsel and PCRA claims based on procedural default would allow reasonable judges to debate the correctness of our ruling.

18

## III. Conclusion

Mr. Gonzalez has not shown ineffective assistance of counsel claim for failing to explain the withdrawal of his direct appeal. Mr. Gonzalez's second and third claims for ineffective assistance of trial counsel and PCRA counsel are procedurally defaulted and not excusable under *Martinez*. Mr. Gonzalez is not entitled to *habeas* relief or to a certificate of appealability.

---

[1] ECF Doc. No. 1, p. 1.

[2] ECF Doc. No. 10, p. 7-8.

[3] *Id.*

[4] ECF Doc. No. 11-1, Exhibit A. *See* 18 Pa. Cons. Stat. §§ 2702(a)(1), 903(a).

[5] ECF Doc. No. 11.

[6] ECF Doc. No. 11-1, Exhibit C.

[7] *Id.* at Exhibit E.

[8] *Id.*

[9] *Id.* at Exhibit F.

[10] ECF Doc. No. 11-2, Exhibit H.

[11] ECF Doc. No. 11-1, Exhibit I.

[12] ECF Doc. No. 11-2, Exhibit N.

[13] ECF Doc. No. 10.

[14] ECF Doc. No. 11-2, Exhibit L.

[15] *Id.* at Exhibit M.

[16] *Id.* at Exhibit P.

[17] *Id.* at Exhibit Q.

[18] ECF Doc. No. 11-2, Exhibit R.

[19] *Id.*

[20] ECF Doc. No. 11-2, Exhibit T.

[21] ECF Doc No, 11-3, Exhibit DD; *see Com. v. Gonzalez*, 153 A.3d 1116 (Pa. Super. Ct. 2016), *see also Com. v. Gonzalez*, No. 1629 MDA 2015, 2016 WL 4697882 (Pa. Super. Ct. June 22, 2016).

[22] *Id.* at Exhibit FF.

[23] *Id.* at Exhibit PP.

[24] *Id.* at Exhibit RR.

[25] *Id.*

[26] *Id.*

[27] *Id.* at Exhibit VV.

[28] Although the court docketed Mr. Gonzalez's habeas petition on January 2, 2018 (ECF Doc. No. 1), the "mailbox rule" applies. Under the "mailbox rule, a *pro se* prisoner's habeas petition is considered filed on the date the prisoner delivers the petition to prison authorities for filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Mr. Gonzalez verified he placed his petition in the prison mailing system on December 25, 2017.

[29] ECF Doc. No. 11.

[30] *Id.*

[31] ECF Doc. No 13, p. 4-10.

[32] *Id.* at 12-17.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 17-22.

[36] *Id.*

[37] ECF Doc. No 10, p. 11.

[38] *Id.*

[39] ECF Doc. No. 13, p. 4-10.

[40] *Id.*

[41] 28 U.S.C. § 2244(d)(1).

[42] 28 U.S.C. § 2244(d)(1)(A). The limitation may also run from the latest of: (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(B-C).

[43] 28 U.S.C. § 2244(d)(2).

[44] *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998)

[45] *Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).

[46] *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 83-84 (3d Cir. 2013).

[47] *Id.* at 88.

[48] *Id.* at 86.

[49] *Id.* at 87.

[50] *Id.* at 88.

[51] *See Clark v. Chester Cty.,* No. 10-850, 2010 WL 2925713, at *3 (E.D. Pa. June 29, 2010) (noting conviction became final on date petitioner voluntarily discontinued appeal in the Pennsylvania Superior Court).

[52] ECF Doc. No. 11-2, Exhibit Q

[53] ECF Doc No, 11-3, Exhibit DD.

[54] *Id.* at Exhibit FF.

[55] *Id.* at Exhibit PP.

[56] *Id.*

[57] ECF Doc. No. 10.

[58] ECF Doc. No. 11.

[59] *Strickland v. Washington*, 446 U.S. 668 (1984).

[60] ECF Doc. No. 12.

[61] ECF Doc. No. 11-2, Exhibit R.

[62] ECF Doc No, 11-3, Exhibit DD.

[63] 28 U.S.C. § 2254(b)(1)(A).

[64] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[65] *Id.*

[66] ECF Doc. No 10.

[67] *Id.*

[68] *Gonzalez*, 2016 WL 4697882 at *1-4.

[69] *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

[70] *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004) (internal quotations and citations omitted).

[71] *Id.*

[72] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (emphasis added).

[73] *Lambert*, 387 F.3d at 239.

[74] *Strickland*, 446 U.S. at 687-88.

[75] *Id.* at 687.

[76] ECF Doc. No. 10, p. 26.

[77] *Id.* at 27.

[78] *Woodford v. Visciotti*, 537 U.S. 19 (2002) (*per curium*).

[79] *Berryman v. Morton*, 100 F.3d 1089, 1103 (3d Cir. 1996).

[80] *Ross v. District Attorney of Allegheny Cnty.,* 672 F.3d 198, 210 (3d Cir. 2012) (citing *Harrington v. Richter,* 562 U.S. 86, 104 (2011)).

[81] *Grant v. Lockett,* 709 F.3d 224, 234 (3d Cir. 2013) (citing *Strickland,* 466 U.S. at 690).

[82] *Id.* (citing *Strickland,* 466 U.S. at 689) (internal citations omitted).

[83] ECF Doc. No. 11-1, Exhibit AA.

[84] *Id.*

[85] *Id.*

[86] ECF Doc. No. 11-2, Exhibit T.

[87] ECF Doc. No 11-3, Exhibit AA.

[88] *Id.*

[89] ECF Doc. No. 11-2, Exhibit T.

[90] ECF Doc. No 10, p. 28.

[91] *Id.* at 29.

[92] ECF Doc. No. 11, p. 18.

[93] *Strickland*, 446 U.S. at 687.

[94] *Id.* at 694.

[95] ECF Doc. No. 11-1, Exhibit F. *(see Alleyne v. United States*, 570 U.S. 99 (2013); *Com. v. Newman*, 99 A.3d 86 (Pa. Super 2014).

[96] ECF Doc. 11-3, Exhibit AA; *Com. v. Gonzalez*, 2016 WL 4697882 at *3-4.

[97] *Alleyne*, 570 U.S. at 102.

[98] *Id.* at 116-17.

[99] *Id.* at 116.

[100] *Com. v. Hopkins,* 632 Pa. 36, 52 (2015) (citing *Alleyne*, 570 U.S. at 112-13) (internal quotations omitted).

23

[101] ECF Doc. No. 11-3, Exhibit AA.

[102] *Id.*

[103] *Strickland*, 446 U.S at 694.

[104] ECF Doc. No. 10, p. 37.

[105] ECF Doc. No. 11, p. 12-13.

[106] *Id.*

[107] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[108] *Santana v. Fenton*, 685 F.2d 71, 73-74 (3rd Cir. 1982).

[109] *Id.*

[110] *Toulson v. Beyer*, 987 F.2d 984, 989 (3rd Cir. 1993).

[111] ECF. Doc. No. 11-1, Exhibit RR.

[112] *Id.*

[113] *Santana,* 685 F.2d at 73-74.

[114] *See Coleman*, 501 U.S. at 735, n. 1.

[115] ECF Doc. No. 10, p. 37.

[116] *Id.*

[117] *Id.* at 40.

[118] ECF Doc. No. 11, p. 14.

[119] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[120] *Martinez v. Ryan*, 556 U.S. 1, 7-12 (2012).

[121] *Id.* at 16.

[122] *Id.* at 17. (*see Strickland*, 446 U.S. at 687).

[123] *Id.* at 14.

[124] *Martinez*. 556 U.S. at 16.

[125] *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (Court declined to extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise the claim).

[126] ECF Doc. No. 10, p. 25-30.

[127] *Id.*

[128] *Id.*

[129] ECF Doc. No 13, p. 20-22.

[130] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[131] ECF Doc. No. 11-3, Exhibit RR.

[132] *See O'Sullivan*, 526 U.S. at 845.

[133] *See Coleman*, 501 U.S. at 735, n. 1.

[134] ECF Doc. No. 10, p. 25-30.

[135] *Martinez*, 556 at 14-17.

[136] *Id.*

[137] ECF Doc. No. 11-3, Exhibit AA.

[138] *Martinez*, 556 at 14-17.

[139] ECF Doc. No 12.

[140] *Id.*

[141] Pa. R.A.P. 1922.

[142] *Com. v. Szakal*, 50 A.3d 210, 217 (Pa. 2012). *See* Pa. R.A.P. 1922(a).

[143] *Mandeville v. Smeal*, 578 F. App'x 149, 150 (3d Cir. 2014).

[144] *Szakal*, 50 A.3d at 215.

[145] *Id.* at 215-216.

[146] *Id.* at 216.

[147] *Id.*

[148] 28 U.S.C. § 2253(c)(1).

[149] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[150] *Id.*

[151] *Id.*